# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANARD GASTON, <br><br> Plaintiff, <br><br> v. <br><br> MAREAN, <br><br> Defendant. | Case No. 1:18-cv-00569-AWI-BAM (PC) <br><br> ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL <br><br> (ECF Nos. 6, 10) |

Plaintiff Ranard Gaston ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 23, 2018. (ECF No. 1.) Plaintiff's complaint has not yet been screened.

Currently before the Court are two motions for appointment of counsel, filed May 11, 2018 and May 18, 2018. (ECF Nos. 6, 11.) Plaintiff states that he has problems comprehending in reading and a TABE score of 3.8. He requests appointment of counsel. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motions for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* with limited reading skills almost daily. These prisoners also must conduct legal research, prosecute claims, and conduct discovery without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not been screened. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For the foregoing reasons, Plaintiff's motions to appoint counsel (ECF Nos. 6, 10) are DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **May 21, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE