# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANARD GASTON, | ) 1:18-cv-00569-AWI-BAM (PC) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DISMISSAL OF ACTION |
| v. | ) FOR FAILURE TO STATE A CLAIM |
| BRETT MAREAN, | ) (ECF No. 1) |
| Defendant. | ) **FOURTEEN-DAY DEADLINE** |

## **Findings and Recommendations**

Plaintiff Kareem J. Howell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 23, 2018, and the matter was transferred to this Court on April 26, 2018. (ECF Nos. 1 and 3.) Plaintiff's complaint, filed on April 23, 2018, is currently before the Court for screening. (ECF No. 1.)

### I. **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. **Plaintiff's Allegations**

Plaintiff is a state prisoner currently housed at California State Prison, Sacramento. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran. Plaintiff names Registered Nurse Brett Marean as the sole defendant. Plaintiff generally contends that he is seeking relief related to the cutting off of several "dreads" allegedly in discrimination and disrespect to Plaintiff's religious practices in violation of the First and Fourteenth Amendments.

Specifically, Plaintiff alleges that he is known as a "Rasta" because he is an active participant and member of the Rasta religion. Active Rasta members are recognized by other namely for their lengthy dreadlocks, which are a sacred hairstyle and par to their worship, declared holy.

On April 1, 2017, Plaintiff was involved in a physical altercation with another inmate. Plaintiff was hit in the head with a wooden block from a block gun fired by a correctional officer to stop the fight. The wooden block caused a one to two-inch laceration on the left side of Plaintiff's head, with bleeding. Plaintiff was escorted to the "TTH" where he received medical attention.

Plaintiff spoke with Defendant Marean regarding his head injury. Defendant Marean informed Plaintiff that he needed to clean the wound and that Plaintiff would need stiches to close it. Defendant Marean also informed Plaintiff that he would have to shave the scalp area around the laceration on the top, left side of Plaintiff's head. Plaintiff first objected to having his scalp shaved around the wound, and explained to Defendant Marean that he was Rasta and his dreadlocks were sacred territory, they should not be touched by anyone who was not Rasta and they were prohibited from cut because the dreads were not just sacred religious expression, but also sacred in personal matters, strength and identity.

After further discussion, Defendant Marean persuaded Plaintiff that he would only cut around the wound/laceration, which was only about one-inch long at the scalp and would not touch the dreads. Plaintiff told Defendant Marean not to touch his dreadlocks and only cut the scalp area of the laceration to clean and staple. Defendant Marean confirmed that he would not cut Plaintiff's dreads and respected his religion.

Defendant Marean allegedly deceived Plaintiff by cutting off four dreadlocks in the back of Plaintiff's head from the scalp to the tip. The doctor that placed the seven staples close to the wound on Plaintiff's head reportedly informed Plaintiff that it was not necessary for Defendant Marean to cut the scalp or dreads to place seven staples.

Plaintiff contends that Defendant Marean interfered with Plaintiff's religious expression in violation of the First Amendment by cutting four of the dreadlocks in the back of Plaintiff's head even though the wound was at the top. Plaintiff further contends that Defendant Marean's actions were discriminatory, and denied Plaintiff Equal Protection under the Fourteenth Amendment.

Plaintiff seeks declaratory relief, along with compensatory and punitive damages.

///

**III. Discussion**

**A. Free Exercise Clause – First Amendment**

Plaintiff complains that Defendant Marean violated his right to free exercise of his religion by cutting off four of his dreadlocks.

"Inmates...retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008).

Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." Int'l Church of Foursquare Gospel v. City of San Leandro, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal quotations and citation omitted). "That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Id. (quoting San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004)). "A substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id. (citation omitted).

Here, Plaintiff's complaint fails to state a cognizable claim for violation of the Free Exercise Clause of the First Amendment. Plaintiff's allegation that Defendant Marean cut off four of his dreadlocks during treatment for a head laceration is not sufficient to demonstrate a substantial burden on Plaintiff's free exercise of his religion. Even if done maliciously or unnecessarily, there is no indication that the actions of Defendant Marean were oppressive to a significantly great extent. Plaintiff consented to treatment, his head was not shorn completely, and he has not been prevented or precluded from maintaining the remainder of his dreadlocks or otherwise practicing his religion. These deficiencies in Plaintiff's complaint cannot be cured by amendment.

///

### B. Equal Protection Clause – Fourteenth Amendment

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). "The Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur, 514 F.3d at 891 (quoting Cruz v. Beto, 405 U.S. 319, 321–22 (1972) (per curiam)). To state a claim, Plaintiff must allege facts sufficient to support a claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321–22; Shakur, 514 F.3d at 891.

Here, Plaintiff's complaint does not include any allegations regarding other similarly situated religious groups. Plaintiff's complaint also does not allege sufficient facts to demonstrate that he was denied the same opportunities as other inmates because of his religious beliefs. Instead, Plaintiff merely alleges that four of his dreadlocks were cut while he received medical treatment for a head laceration. He was not denied a reasonable opportunity to pursue his faith. Plaintiff therefore fails to state an Equal Protection Clause claim. This deficiency cannot be cured by amendment.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim for relief. The deficiencies of Plaintiff's complaint cannot be cured by amendment, and leave to amend will not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's action be dismissed for failure to state a cognizable claim for relief under 28 U.S.C. § 1915A.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 29, 2018** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE