# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANARD GASTON<br><br>**Plaintiff**<br><br>v.<br><br>BRETT MAREAN<br><br>**Defendant** | CASE NO. 1:18-CV-569 AWI-BAM (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING ACTION FOR FAILURE TO STATE A CLAIM, AND ALLOWING FOR AMENDED COMPLAINT**<br><br>(Doc. Nos. 1, 13) |

Plaintiff Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 23, 2018, Plaintiff filed a complaint alleging that Defendant discriminated against him by cutting off several "dreads" and disrespecting his "Rasta" religious practices in violation of the First and Fourteenth Amendments. Doc. No. 1. On June 29, 2018, the Magistrate Judge issued findings and recommendations that this action be dismissed with prejudice for the failure to state a claim upon which relief may be granted. Doc. No. 13. The findings and recommendations were served on Plaintiff, and notified Plaintiff any objections must be filed within fourteen days of service of the order. *Id*. at 5-6. On July 17, 2018, Plaintiff timely filed objections. Doc. No. 14.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendations are supported by the record and proper analysis as applied to Plaintiff's original Complaint. See Doc. Nos. 1, 13. This includes the Magistrate Judge's findings that Plaintiff failed to express a Free Exercise claim under the First Amendment due to the

Complaint's lack of facts indicating he was "substantially burdened" by Defendant's alleged conduct. See Doc. No. 13, at p. 4. Specifically, the Magistrate Judge found that Defendant's cutting off of four dreadlocks did not significantly oppress Plaintiff to any great extent. Id. (citing Int'l Church of Foursquare Gospel v. City of San Leandro, 673 F.3d 1059, 1067 (9th Cir. 2011) (ruling that Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent[,]" and must either "impose a significantly great restriction or onus upon such exercise" or put "substantial pressure on an adherent to modify his behavior and to violate his beliefs.").

However, the Court recognizes Plaintiff has proffered additional assertions in his objections that speak to this "substantial burden" requirement. See Doc. No. 14. Therein, Plaintiff restates his commitment to the "Rasta Religion," his belief that dreadlocks are an important component, and his allegations that Defendant cut the dreads in an act of deception. Id. at p. 2. Plaintiff then states that the four dreadlocks cut "were the main Four locks that showed the longest length, stripping Plaintiff of his position to teach in the higher religious meetings, and along with that his respect in the community as a sacred leader and advisor." Id. Plaintiff concludes his objections by stating Defendant's actions "interferred [sic] with Plaintiff's ability to practice his method of Rasta-Religion," and because of this, Plaintiff "lost his position as 'Teacher/Menter' [sic]," was deprived of his ability "to attend the Meetings held by Leaders only," and has otherwise lost privileges restricting his ability to practice his religion. Id. Since the Court will not question the sincerity of Plaintiff's beliefs at this early stage of the litigation, see Shakur v. Schriro, 514 F.3d 878 (2008), it is evident that these additional allegations, if properly expressed in a complaint, would make Plaintiff's claim sufficient to state a claim for relief under the First Amendment. See Holt v. Hobbs, 135 S.Ct. 853, 862 (2015) (holding that a prison's policy forbidding a prisoner to grow a beard of a certain length, which the prisoner sincerely believed was required by his religion, substantially burdened the prisoner even though the prison permitted him to engage in other religious practices, such as following a specified diet and keeping a prayer rug in his cell); Nance v. Miser, 700 F. App'x 629, 632 (9th Cir. 2017) (finding that defendant's refusal to allow plaintiff certain religious artifacts substantially burdened him for

purposes of his free exercise claim); see also Grayson v. Schuler, 666 F.3d 450 (2012) (Posner, J.) (finding plaintiff's religious belief that he must wear dreadlocks to be religiously motivated, and implicitly recognizing the prison's refusal to allow him dreadlocks was a substantial burden on his religious expression).

Thus, Plaintiff will be allowed to amend his complaint in order to properly express his First Amendment Free Exercise claim. Plaintiff is reminded that any forthcoming "First Amended Complaint" must be complete in itself, should not refer to any earlier pleadings, and should express the entirety of his Free Exercise claim as guided by the Findings and Recommendations and this Order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on July 2, 2018 (Doc No. 13) are adopted in full as to the dismissal with prejudice of Plaintiff's Equal Protection claim, and adopted in part as to dismissal of Plaintiff's Free Exercise claim;

2. Plaintiff is granted leave to file a "First Amended Complaint" on his First Amendment Free Exercise claim, due 21 days from the date of service of this Order;

3. Should Plaintiff fail to file a First Amended Complaint within time-period, Plaintiff's Free Exercise claim will be dismissed with prejudice and the Clerk of the Court will be ordered to close this case.

IT IS SO ORDERED.

Dated: August 28, 2018

SENIOR DISTRICT JUDGE

3