# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANARD GASTON,<br><br>    Plaintiff,<br><br>v.<br><br>BRETT MAREAN,<br><br>    Defendant. | Case No.: 1:18-cv-00569-AWI-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY<br>(ECF No. 36)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 37) |

Plaintiff Ranard Gaston is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Brett Marean's motion to compel discovery and for sanctions, filed on January 30, 2020, and Defendant's motion for an order extending the dispositive motion deadline, which the Court construes as a motion to modify the discovery and scheduling order, filed on March 12, 2020. (ECF Nos. 36, 37.)

**I.**    **<u>Background</u>**

This action is proceeding on Plaintiff's claim for violation of the Free Exercise Clause of the First Amendment against Defendant Marean. (ECF No. 18.)

On May 30, 2019, the Court issued a discovery and scheduling order. (ECF No. 32.) The discovery and scheduling order provides that responses to written discovery requests shall be due

forty-five (45) days after the request is first served. (Id. at 1.) Further, the discovery and scheduling order states that: "Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1)." (Id. at 2.) Finally, as pertinent here, the discovery and scheduling order provides that the deadline for the completion of all discovery, including filing all motions to compel discovery, is January 30, 2020, and that the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is April 9, 2020. (Id. at 2-3.)

On January 30, 2020, Defendant filed a motion to compel discovery and for sanctions. (ECF No. 62.) Plaintiff did not file an opposition to Defendant's motion to compel discovery, and the time to do so has passed. Therefore, Defendant's motion to compel discovery has been submitted for decision. Local Rule 230(l).

On March 12, 2020, Defendant filed a motion for an order extending the dispositive motion deadline. (ECF No. 37.) The Court construes Defendant's motion as a motion to modify the May 30, 2019 discovery and scheduling order. Further, the Court finds that a response from Plaintiff regarding Defendant's motion to modify the discovery and scheduling order is unnecessary. Therefore, Defendant's motion to modify the discovery and scheduling order has been submitted for decision. Local Rule 230(l).

**II.    Discussion**

    **A.    Defendant's Motion to Compel Discovery and for Sanctions**

        1.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) states that, "[u]nless otherwise limited by court order," "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"

Federal Rule of Civil Procedure 30(a)(2)(B) and (b)(1) provides that a party may depose a prisoner by oral examination if the party seeking to depose the prisoner obtains leave of court and gives every other party "reasonable written notice" of the time and place of the deposition and, if

known, the deponent's name and address. Here, the discovery and scheduling order issued in this case gives Defendant leave to court to depose Plaintiff so long as Defendant served Plaintiff with the notice required by Rule 30(b)(1) at least fourteen (14) days before the deposition. (ECF No. 61, at 2.)

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33(b)(3) states that "[e]ach interrogatory must, to the extent that it is not objected to, be answered separately and fully in writing under oath." In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." Haney v. Saldana, No. 1:04-cv-05935-AWI-SMS-PC, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Here, the discovery and scheduling order issued in this case required the responding party to serve its responses within forty-five (45) days after the interrogatories were first served. (ECF No. 61, at 1.) Further, the responding party has a duty to supplement any responses to the interrogatories if the responding party "learns that in some material respect the … response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

Finally, a party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must respond to each request for documents in writing and either produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its possession, custody, or control on the date specified or object to the request. Fed. R. Civ. P. 34(b)(2). Actual possession, custody, or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that part has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Although Rule 34 does not contain an express provision stating that untimely objections are waived, courts have found an implied provision stating that any ground not stated in a timely

3

objection to a request for documents is waived unless the court, for good cause, excuses the failure. See Sprague v. Fin. Credit Network, Inc., No. 1:18-cv-00035-SAB, 2018 WL 4616688, at *2 (E.D. Cal. Sep. 25, 2018).  Here, the discovery and scheduling order issued in this case requires the responding party to serve its responses within forty-five (45) days after the interrogatories were first served.  (ECF No. 61, at 1.)  Further, the responding party has a duty to supplement any responses to the requests for production if the responding party "learns that in some material respect the … response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"  Fed. R. Civ. P. 26(e)(1)(A).

Under Federal Rule of Civil Procedure 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer [or] production[]" if "a deponent fails to answer a question asked under Rule 30 or 31;" "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."  If a motion to compel is granted, or if the requested discovery is provided after a motion to compel is filed, the Court "must … require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees[,]" unless the Court finds that it would be unjust for some reason to make an award of expenses.  Fed. R. Civ. P. 37(a)(5)(A).

2. Analysis

On September 10, 2019, Defendant served his First Set of Interrogatories and his First Set of Requests for Production of Documents on Plaintiff by mail.  (ECF No. 36-2, Declaration of Jeremy Duggan ("Duggan Decl."), ¶ 2 & Exs. B & C.)  Pursuant to the May 30, 2019 discovery and scheduling order issued in this case and Federal Rule of Civil Procedure 6(d), Plaintiff's responses to Defendant's Interrogatories and Requests for Production of Documents were due on or before October 28, 2019.  However, after Defendant failed to receive timely written responses and/or objections to Defendant's propounded Interrogatories and Requests for Production of Documents, Defendant's counsel sent Plaintiff a letter dated November 12, 2019 informing

Plaintiff his office had not received any responses to the propounded discovery requests and that Defendant's counsel would be arranging for a telephone conference to discuss the lack of responses with Plaintiff. (Id. at ¶ 3 & Ex. D.) However, on November 22, 2019, when Defendant's counsel introduced himself to Plaintiff during the scheduled telephone conference, Plaintiff announced that he would not participate in the call and then Plaintiff's prison counselor told Defendant's counsel that Plaintiff had stood up and walked out of the counselor's office. (Id. at ¶ 4.) As of January 30, 2020, the date that Defendant's motion to compel was filed, Defendant has not received any written responses to Defendant's propounded Interrogatories and Requests for Production of Documents from Plaintiff. (Id. at ¶ 5.)

On December 31, 2019, Defendant served Plaintiff by mail with a notice that Plaintiff's deposition was scheduled to take place on January 23, 2020 at Kern Valley State Prison. (Id. at ¶ 6 & Ex. E.) On January 23, 2020, when Defendant's counsel arrived at the location inside Kern Valley State Prison where the deposition was to be conducted, an officer informed Defendant's counsel that Plaintiff was refusing to participate in the deposition. (Id. at ¶ 7.) Defendant's counsel spoke with Plaintiff and informed Plaintiff that, if Plaintiff did not participate in the deposition, Defendant's counsel would move to compel a deposition and for sanctions, including possibly a dismissal sanction. (Id.) Plaintiff then agreed to participate in the deposition. (Id.) However, shortly after the deposition began on the record, Plaintiff stated that he was not prepared to continue and refused to participate in the deposition further because he had taken medication earlier in the day and he had not received the notice of deposition. (Id.) At the time that Plaintiff refused to participate in the deposition, Defendant's counsel had not asked Plaintiff any questions about the case. (Id. at ¶ 9.) Off the record, Defendant's counsel again told Plaintiff that he would move to compel Plaintiff's deposition and sanctions if Plaintiff refused to participate, but Plaintiff continued to refuse to participate in the deposition. (Id. at ¶ 8.) At that point, Defendant's counsel ended the deposition. (Id.)

Now, in this motion, Defendant moves to compel Plaintiff to respond to Defendant's propounded interrogatories and requests for production of documents and to compel Plaintiff to attend and testify at a deposition. (ECF No. 36.) Defendant asserts that his motion to compel

should be granted because Plaintiff failed to timely serve any responses or objections to Defendant's propounded discovery requests and refused to sit and testify during his properly noticed deposition.

Here, it is undisputed that Plaintiff has not responded to Defendant's First Set of Interrogatories and/or Defendant's First Set of Requests for Production of Documents. It is also undisputed that Plaintiff refused to proceed with his properly noticed deposition. Consequently, Defendant's motion to compel Plaintiff to submit responses to Defendant's propounded written discovery requests and to compel Plaintiff to appear and testify at a deposition is granted.

First, Plaintiff must submit full responses to Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production of Documents, without objections, within 30 days after service of this order. Plaintiff only has to respond to Defendant's Interrogatories and Requests for Production of Documents to the best of his current ability. If Plaintiff learns that one or more of his responses to Defendant's Interrogatories or Requests for Production of Documents is incomplete or incorrect at some later date, then Plaintiff has a duty to serve Defendant with supplemental responses to the interrogatories. Fed. R. Civ. P. 26(e)(1)(A).

Second, Plaintiff is ordered to appear at a deposition noticed by Defendant within thirty (30) days, or such other time as chosen by Defendant's counsel, even though Plaintiff may no longer be housed at an institution under the jurisdiction of the California Department of Corrections and Rehabilitation.[1] Plaintiff must appear for his rescheduled deposition at the time and place noticed by Defendant. Defendant must provide Plaintiff with proper notice of the deposition at least fourteen (14) days in advance. Plaintiff is directed to appear at his rescheduled deposition and to fully cooperate in answering all questions to the best of his ability. Plaintiff is advised that "[a]n objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the

---

[1] In Defendant's motion for order extending dispositive motion deadline, Defendant's counsel states that the litigation coordinator at Kern Valley State Prison informed him on March 11, 2020 that Plaintiff has paroled and is no longer in the custody of the California Department of Corrections and Rehabilitation. (ECF No. 37, at 5, ¶ 2.) Further, Defendant's counsel states that Plaintiff has not provided Defendant's counsel with any updated contact information. The Court likewise has not been notified of Plaintiff's change of address.

testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Plaintiff's failure to fully cooperate with Defendant's proper rescheduled deposition notice will be grounds for sanctions, which may include dismissing this action entirely. Fed. R. Civ. P. 37(b).

Lastly, Defendant requests that the Court order Plaintiff to compensate Defendant for the expenses incurred in preparing this motion and conducting his deposition. Specifically, Defendant requests an award of reasonable expenses in the total amount of $4,773.45 pursuant to Rule 37(a)(5)(A). (Duggan Decl., ¶¶ 10-11.) However, given that Plaintiff is a *pro se* prisoner proceeding *in forma pauperis*, the Court finds that circumstances make an award of expenses unjust and denies Defendant's request for an award of reasonable expenses. Fed. R. Civ. P. 37(a)(5)(A)(iii). Nevertheless, Plaintiff is cautioned that if he continues to refuse to participate in discovery, future requests for fees and costs may be granted regardless of Plaintiff's status as a prisoner proceeding *pro se* and *in forma pauperis*.

**B. Defendant's Motion to Modify the Discovery and Scheduling Order**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

In his motion, Defendant argues that good cause exists to modify the dispositive motion deadline because Plaintiff has not responded to Defendant's written discovery requests, because Plaintiff refused to participate in his noticed deposition on January 23, 2020, and because Defendant has been informed that Plaintiff was paroled from prison on February 19, 2020 and Plaintiff has not updated his address of record with Defendant or the Court. (ECF No. 37.)

Based on the Court's ruling on Defendant's motion to compel discovery, additional time is needed to complete all discovery and to file dispositive motions in this case. Therefore, the Court finds that there is good cause to amend the discovery and scheduling order and extend the deadlines for the completion of all discovery and for filing all dispositive motions. Fed. R. Civ.

7

P. 16(b)(4). Consequently, Defendant's motion to modify the discovery and scheduling Order is granted. The Court sets forth new deadlines as to the completion of all discovery and the filing of all dispositive motions below.

**C. Change of Address**

Plaintiff is reminded that pursuant to Local Rules 182 and 183, a pro se party is under a continuing duty to notify the Clerk, the Court and all other parties of any change of address or telephone number. Local Rules 182(f), 183(b). Additionally, Local Rule 110 provides that "[f]ailure...of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions...within the inherent power of the Court." Further, the failure of Plaintiff to prosecute this action is grounds for dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217 (9th Cir. 2006).

**III. Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel discovery, (ECF No. 36), is GRANTED;
2. Plaintiff must serve full responses to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents, without objections, within thirty (30) days from the date of service of this order;
3. Plaintiff is required to appear at his properly noticed rescheduled deposition, to be conducted within thirty (30) days from the date of service of this order, or such other time as chosen by Defendant's counsel, and to fully cooperate in answering all questions to the best of his ability;
4. Defendant's request for an award of reasonable expenses incurred in making the motion to compel as a monetary sanction, (ECF No. 36), is DENIED;
5. Defendant's motion to modify the discovery and scheduling order, (ECF No. 37), is GRANTED;
6. The deadline for the completion of all discovery is **June 1, 2020**;
7. The deadline for filing all dispositive motions is **August 10, 2020**; and

///

8

8. All other provisions of the Court's May 30, 2019 discovery and scheduling order, (ECF No. 32), remain in full force and effect.

IT IS SO ORDERED.

Dated: **March 17, 2020**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE