# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANARD GASTON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MAREAN,<br><br>　　　　　　Defendant. | Case No. 1:18-cv-00569-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

　　Plaintiff Ranard Gaston ("Plaintiff") is a former state prisoner[1] proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Marean ("Defendant") for violation of the Free Exercise Clause of the First Amendment.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　The Court issued a discovery and scheduling order on May 30, 2019.  (ECF No. 32.)  On January 30, 2020, Defendant filed a motion to compel discovery and for sanctions, which Plaintiff

---

[1] According to Defendant's recent filings, defense counsel was informed by the Litigation Coordinator at Kern Valley State Prison on March 11, 2020 that Plaintiff was paroled on February 19, 2020 to the Long Beach Parole Unit and is no longer in the custody of CDCR. (ECF Nos. 37, p. 5; 39-2; 39-3.)  As of the signing of this order, Plaintiff has not provided the Court with updated contact information.

1

1  did not oppose. (ECF No. 36.) On March 12, 2020, Defendant also filed a motion to modify the
2  discovery and scheduling order, which noted that Plaintiff had apparently been paroled from
3  prison on February 19, 2020. (ECF No. 37.)

4  As it was undisputed that Plaintiff had not responded to Defendant's First Set of
5  Interrogatories or Defendant's First Set of Requests for Production of Documents, and that
6  Plaintiff refused to proceed with his properly noticed deposition, the Court granted the motion to
7  compel and motion to modify the discovery and scheduling order on March 17, 2020. (ECF No.
8  38.) In response to Defendant's assertion that Plaintiff had been paroled, the order further
9  reminded Plaintiff of his obligation pursuant to Local Rules 182 and 183 to notify the Court and
10 all other parties of any change of address or telephone number. (Id. at 8.) Plaintiff was also
11 reminded that his failure to comply with the Court's Local Rules or failure to prosecute this
12 action constituted grounds for dismissal. (Id.)

13 Currently before the Court is Defendant's motion to dismiss for failure to comply with a
14 Court order and failure to prosecute, filed June 12, 2020. (ECF No. 39.) The deadline for
15 Plaintiff to file a response has expired, and Plaintiff has failed to respond to the motion or
16 otherwise provide the Court with his updated address. The motion is deemed submitted. Local
17 Rule 230(l).

18 **II.    Motion to Dismiss**

19 Pursuant to the Court's March 17, 2020 order granting Defendant's motion to compel,
20 Plaintiff was required to serve full responses to Defendant's First Set of Interrogatories and First
21 Set of Requests for Production of Documents, without objections, within thirty days. (ECF No.
22 38, p. 8.) Plaintiff was also required to appear at his properly noticed rescheduled deposition
23 within thirty days, or at such other time as chosen by Defendant's counsel, and to fully cooperate
24 in answering all questions to the best of his ability. (Id.)

25 On May 6, 2020, defense counsel contacted Plaintiff's parole agent and was provided with
26 Plaintiff's phone number and an address in Torrance, California. (ECF No. 39-2, ¶ 2.) On May
27 7, 2020, defense counsel left Plaintiff a voicemail message stating that he wanted to discuss
28 deposition dates, and Plaintiff did not return the call. (Id. ¶ 3.) On May 14, 2020, defense

counsel served on Plaintiff a notice of his deposition, to take place on June 1, 2020 by video conference, with Plaintiff located at an office in Torrance, California. (Id. ¶ 4, p. 4.) Defense counsel telephoned Plaintiff again on May 29, 2020 and left a voicemail message stating that he wanted to confirm Plaintiff was attending the deposition. Plaintiff did not return the call. (Id. ¶ 5.) On June 1, 2020, defense counsel arrived at the video deposition at 9:15 a.m. and telephoned Plaintiff at 9:30 a.m. when Plaintiff did not appear. Defense counsel left another voicemail message stating that he was waiting for Plaintiff to attend the deposition. Plaintiff did not return the call. Defense counsel and the court reporter waited until 10:00 a.m., then called the deposition off. (Id. ¶ 6.) To date, Plaintiff has not served responses to any of Defendant's discovery requests. (Id. ¶ 7.) Since Plaintiff's parole in February 2020, Plaintiff has not contacted Defendant or the Court about this case and has not provided updated contact information.

### A. Legal Standards

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides that "[a] party in propria persona shall keep the Court and opposing parties advised as to his or her current address." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

In addition, broad sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. Id. Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances—i.e., willful disobedience or bad faith. In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). Even a single willful violation may suffice depending on the circumstances.

---

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. Hells Canyon Pres. Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest concealment of critical evidence justified dismissal).

### B.     Discussion

Plaintiff's last communication with the Court was on August 30, 2019, when he filed a motion for an extension of time to file an amended complaint and motion or summary judgment. (ECF No. 34.)  Since that time, Plaintiff has failed to respond to Defendant's January 30, 2020 motion to compel and Defendant's June 12, 2020 motion to dismiss.  Further, Plaintiff has failed to respond to any of Defendant's discovery requests or to appear for his duly noticed deposition, in spite of the Court's order explicitly requiring him to do so.  (ECF No. 38.)  When the Court became aware that Plaintiff's address may have changed due to his parole, Plaintiff was reminded that he was under a continuing duty to notify the Court and the parties of any change of address or telephone number, and that Plaintiff's failure to prosecute would be grounds for dismissal.  (Id. at 8.)  Nevertheless, even as Defendant took additional steps to obtain Plaintiff's updated contact information from Plaintiff's parole agent, Plaintiff did not attempt to return defense counsel's repeated telephone calls and voicemail messages or to update his address with the Court.

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006).  The amount of prejudice resulting from the discovery violations and the availability of less drastic sanctions are said to be "key factors."  Wanderer v. Johnston, 910 F2d 652, 656 (9th Cir. 1990).

Given Plaintiff's failure to update his contact information with Defendant and the Court, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re PPA, 460 F.3d at 1227.  This case has been pending since 2018 and has stalled due to Plaintiff's failure to comply with the Court's discovery orders or to update his contact

information.

The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal. There is a rebuttable presumption of prejudice to a defendant that arises when a plaintiff unreasonably delays litigation. In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).

Plaintiff's failure to respond to any discovery requests, as well as his refusal to attend and participate in two properly noticed depositions, substantially hinders Defendant's ability to investigate and defend against Plaintiff's allegations.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. When a case has stalled or is unreasonably delayed by a party's failure to comply with deadlines and discovery obligations, the case cannot move toward resolution on the merits. Thus, the fourth factor—public policy favoring disposition of cases on their merits—is not compelling when it is thwarted by the Plaintiff's dilatory and evasive conduct.

Finally, the Court considered lesser sanctions, but no lesser sanction is warranted. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. In re PPA, 460 F.3d at 1228–29; Carey, 856 F.2d at 1441. In granting Defendant's motion to compel, Plaintiff was also reminded that his failure to update his address and prosecute this action would be grounds for dismissal. (ECF No. 38, p. 8.) The Court's warning to a party that failure to obey the Court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (citing Malone, 833 at 132–33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

For these reasons, the undersigned finds that terminating sanctions are justified and recommends granting Defendant's motion to dismiss.

### III.   Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, (ECF No. 39), be GRANTED, based on Plaintiff's failure to comply with a court order and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 20, 2020**                       /s/ Barbara A. McAuliffe           _
                                                 UNITED STATES MAGISTRATE JUDGE